IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NORRIS CAVIT,                    §
                                 §
        Plaintiff,               §
                                 §
v.                               §   Civil Action No. H-09-1279
                                 §
OFFICER STEVEN RYCHLIK, et al.,  §
                                 §
        Defendants.              §

**MEMORANDUM OPINION**

Pending before the court[1] is Defendants' Amended Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 23) and the response filed thereto.  For the reasons discussed below, the motion is **GRANTED**.

## I.  Factual Background

Plaintiff Norris Cavit ("Plaintiff") filed this action on April 28, 2009, against Fort Bend County seeking damages based on a 42 U.S.C. § 1983 ("Section 1983") claim of wrongful arrest.  Fort Bend moved to dismiss on the ground that the arresting officers were employed by the City of Richmond, not Fort Bend County.  On June 18, 2009, Plaintiff refiled his suit against Richmond Police Officer Steven Rychlik; however, the complaint discussed four officers and failed to allege the specific actions of Rychlik that Plaintiff contended were actionable.[2]  On June 23, 2009, Plaintiff

---

[1]     On November 4, 2009, the parties consented to proceed before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  See Docket Entry Nos. 20 and 21.

[2]     See Plaintiff's Second Amended Original Complaint, Docket Entry No. 5.

amended his complaint to add two additional officers as defendants but failed to allege the specific actions of each that formed the basis of the amended complaint.[3]

On September 12, 2009, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff's Third Amended Complaint failed to identify the particular officer who Plaintiff contended arrested him, unlawfully or otherwise.  Defendants also argued that Plaintiff failed to allege facts sufficient to overcome the presumption of each officer's qualified immunity from suit.[4]

On October 16, 2009, the court entered an order, finding that Plaintiff's Memorandum in Opposition failed to address the arguments raised in Defendants' motion to dismiss.  The court stated:

> The court will allow Plaintiff one more opportunity to allege an actionable cause of action.  Plaintiff may file a fourth amended complaint no later than November 13, 2009, setting forth in detail the facts supporting relief against each of the named defendants.  Plaintiff must allege in detail the factual basis supporting each alleged constitutional violation by each defendant and state facts showing that Defendants did not have reasonable belief that probable cause existed to arrest him.  Plaintiff must also allege how each defendant's claim of qualified immunity can be overcome under the facts of this case.

Order, Docket Entry No. 16.

---

[3]   See Plaintiff's Third Amended Original Complaint, Docket Entry No. 6.

[4]   See Defendants' Rule 12(b)(6) Motion to Dismiss, Docket Entry No. 12.

2

On November 11, 2009, Plaintiff filed an amended complaint.[5] In the amended complaint, Plaintiff alleged that Defendants claimed that a record search showed that Plaintiff had an outstanding warrant for his arrest.[6]  Upon hearing that there was a warrant for his arrest, Plaintiff informed Defendants that the warrant was no longer valid and that he had paperwork inside his residence that could verify his statement.[7]

The amended complaint further claimed that Plaintiff suggested to Defendants that his aunt, who was inside the residence at the time, could verify that the warrant had been vacated.[8]  Defendants refused this suggestion and arrested him.  Plaintiff averred that he was released from custody before seeing a magistrate and without a charge being filed against him.[9]

Finally, Plaintiff alleged that at the time of the wrongful arrest, Defendants were agents of the City of Richmond Police Department and were negligent when they transported him to jail on an invalid warrant.[10]

---

[5]   See Plaintiff's Amended Original Complaint, Docket Entry No. 22.

[6]   Id. at ¶ 9.

[7]   Id..

[8]   Id. at ¶ 10.

[9]   Id. at ¶ 12.

[10]   Id. at ¶ 13.

3

While Plaintiff's latest pleading adds these additional facts, it still fails to comply with the court's order as it continues to make global allegations against the defendants as a group instead of making factual allegations against each individual officer.  The amended pleading also fails to allege specific facts that would overcome each defendant's claim of qualified immunity.

Adding to the confusion is Plaintiff's response to Defendants' motion to dismiss wherein he refers to himself by the wrong name, twice, and misstates the operable facts.  As this is Plaintiff's fourth attempt to state a claim, the court addresses the Defendants' motion on the merits.

## II.  Motion to Dismiss Standard

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also In re Katrina Canal Breaches Litig., 495 F.3d at

4

205.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 550 U.S. at 555.

### III.  Analysis

#### A.  Section 1983

A plaintiff can establish a prima facie case under Section 1983[11] by alleging: 1) a violation of a federal constitutional or statutory right; and 2) that the violation was committed by an individual acting under the color of state law.  Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995).

Government officials, sued in their individual capacities, are protected by qualified immunity from Section 1983 suits for actions performed in the exercise of discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  By pleading qualified immunity in good faith, a summary-judgment

---

[11]     The provision reads, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

5

movant shifts the burden to the nonmovant to rebut the movant's assertion.  <u>Hathaway v. Bazany</u>, 507 F.3d 312, 319 (5th Cir. 2007).

To overcome an assertion of qualified immunity, a plaintiff bears the initial burden of showing that the officer's conduct violated a constitutional or statutory right.  <u>Hope v. Pelzer</u>, 536 U.S. 730, 736 (2002); <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001), <u>overruled in part by Pearson v. Callahan</u>, __ U.S. __, 129 S.Ct. 808, 818 (2009)(stating that the rigid structure of <u>Saucier</u> is no longer required and that "[T]he judges of the district courts . . . should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand"); <u>Williams v. Kaufman County</u>, 352 F.3d 994, 1002 (5th Cir. 2003).  The inquiry ends if the allegations do not support a finding of constitutionally impermissible conduct. <u>Saucier</u>, 533 U.S. at 201; <u>Mace v. City of Palestine</u>, 333 F.3d 621, 623 (5th Cir. 2003).

If the plaintiff satisfies this initial burden, the court moves to the second step of the analysis.  <u>Rankin v. Klevenhagen</u>, 5 F.3d 103, 108 (5th Cir. 1993).  This prong of the analysis is further divided into two separate inquiries.  <u>Hare v. City of Corinth</u>, 135 F.3d 320, 326 (5th Cir. 1998).  First, the plaintiff must show that the right was clearly established at the time of the violation.  <u>Hope</u>, 536 U.S. at 739; <u>Saucier</u>, 533 U.S. at 201; <u>Hare</u>,

135 F.3d at 326.  A legal right is "clearly established" if pre-existing law sufficiently defines the right so that a reasonable public official would understand whether his actions were constitutional in the situation confronting him.  Hope, 536 U.S. at 739; Williams, 352 F.3d at 1002-03.

Ultimately, if the law is sufficiently clear, then a plaintiff must prove that the officer's actions were objectively unreasonable within that legal context.  See Saucier, 533 U.S. at 206; Hare, 135 F.3d at 326.  The analysis is "based on the viewpoint of a reasonable official in light of the information then available to the defendant . . . ."  Freeman v. Gore, 483 F.3d 404, 411 (5th Cir. 2007).  Consideration is given to all facts known to the defendant, but not to a particular defendant's state of mind.  Thompson v. Upshur County, TX, 245 F.3d 447, 457 (5th Cir. 2001).

The defendant official's actions are held to have been objectively reasonable unless all reasonable officials in the same circumstances would have recognized that the defendant's conduct violated the plaintiff's constitutional rights.  Id.  If the evidence gives rise to a difference of opinion as to the lawfulness of the action among reasonably competent officers, the official is entitled to qualified immunity.  Malley v. Briggs, 475 U.S. 335, 341 (1986).  Reasonableness may be decided as a matter of law provided that the underlying facts are not in dispute.  Jacobs v. West Feliciana Sheriff's Dept., 228 F.3d 388, 394 (5th Cir. 2000).

7

In addition, when analyzing qualified immunity, the actions of each defendant are to be considered separately. Meadours v. Ermel, 483 F.3d 417, 421-22 (5th Cir. 2007). However, "[s]eparate consideration does not require courts to conduct a separate analysis for each [defendant] in those cases where their actions are materially indistinguishable, it merely requires them to *consider* each officer's actions." Id. at 422 n.3.

In the present case, Plaintiff avers that he was arrested pursuant to a warrant that had been vacated at some earlier point in time.[12] He complains that the officers did not allow him to produce paperwork to support his claim that the warrant was no longer valid. The court need not determine, at this stage of the litigation the exact status of the arrest warrant because even if the arrest warrant was defective or no longer valid, an officer is entitled to qualified immunity if he executes a facially valid warrant in good faith. See Turner v. Raynes, 611 F.2d 92, 93 (5th Cir. 1980).

In Turner, a peace bond was posted to ensure the lawful conduct of the plaintiff. When the plaintiff failed to behave peaceably, a justice of the peace issued a warrant for his arrest

---

[12] The live pleading states, "Defendants claimed that records show that plaintiff had an outstanding warrant, plaintiff explained to them that said warranted [sic] had been lifted and therefore [was] no longer valid, and that he had paperwork at home to show it." Plaintiff's Amended Original Complaint, Docket Entry No. 22, ¶ 20.

and sentenced him to a year and a day in jail.  The court found
that even though the charge brought by the justice of the peace was
nonexistent, the sheriff who executed the warrant was entitled to
qualified immunity for his official actions taken in good faith.
Turner, 611 F.2d at 93.  The court stated:

> A policeman's lot is not so unhappy that he must choose
> between being charged with dereliction of duty if he does
> not arrest when he has probable cause, (or as here, a
> warrant) and being mulcted in damages if he does. . . .
> It would be a strange and unworkable rule that required
> a sheriff, at his peril, to determine the ultimate legal
> validity of every warrant regular on its face and issued
> by proper authority before serving it.

Id. (citing Pierson v. Ray, 386 U.S. 547, 555 (1967)).  The court
concluded that as there was no contention that the sheriff acted in
anything other than good faith in executing the warrant, he was
entitled to qualified immunity.  Id.

In the present case, Plaintiff alleges that the officers told
him that a warrant search revealed an outstanding warrant for his
arrest.  Although the existence of the outstanding warrant was
disputed by Plaintiff at the time of his arrest, he has cited the
court to no authority that would require a police officer to
conduct further investigation into the present viability of a
warrant if requested by the arrestee.  In fact, Turner states that
the officer is not required to take such actions.  See also Kugle
v. Shields, 62 F.3d 395 (5th Cir. 1995)(unpublished)(stating that
the law does not require an arresting officer to go behind the
warrant and question its validity).

As Plaintiff has failed to make any factual allegation to establish that the arresting officers were not acting in good faith when they arrested him on the outstanding warrant, the officers are entitled to a finding of qualified immunity on Plaintiff's claims arising under Section 1983.

**B.  Negligence**

Plaintiff also brings a state law negligence claim against Defendants, who have asserted an entitlement to official immunity as an affirmative defense to those claims.  Cf.  Ballantyne v. Champion Builders, Inc., 144 S.W.3d 417, 424 (Tex. 2004); Telthorster v. Tennell, 92 S.W.3d 457, 460 (Tex. 2002).  Texas law of official immunity is substantially the same as the federal law of qualified immunity.  Haggerty v. Texas Southern Univ., 391 F.3d 653, 658 (5th Cir. 2004).  To be entitled to official immunity, the public official or government employee must prove he was (1) acting within the scope of his authority (2) in performing a discretionary duty (3) in good faith.  Ballantyne, 144 S.W.3d at 424.

A public official acts within his scope of authority if he is discharging duties that are generally assigned to him.  Ballantyne, 144 S.W.3d at 424.  When a police officer enforces the law, i.e., performs his official duties, he is acting within the course and scope of his employment as a police officer.  Morgan v. City of Alvin, 175 S.W.3d 408, 417 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  An officer making an arrest or conducting an investigation

10

is acting within the scope of his authority.  <u>Nunez v. Jimenez</u>, No. 04-07-00403-CV, 2007 WL 4320822, at *2 (Tex. App.—San Antonio Dec. 12, 2007).  An officer is acting within the scope of his authority when he responds to a dispatcher's call for police intervention and takes action upon arrival.  <u>Vasquez v. Hernandez</u>, 844 S.W.2d 802, 805 (Tex. App.-San Antonio 1992, writ dism'd w.o.j.).  The fact that a specific act that forms the basis of the civil suit may have been wrongly or negligently performed does not take it outside the scope of authority.  <u>City of Lancaster v. Chambers</u>, 883 S.W.2d 650, 658 (Tex. 1994).

Whether an act is discretionary or ministerial depends upon whether it involves personal deliberation or simple adherence to an order.  <u>Ballantyne</u>, 144 S.W.3d at 425.  "Ministerial acts are those which 'the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'"  <u>Id.</u> (quoting <u>Comm'r of the Gen. Land Office v. Smith</u>, 5 Tex. 471, 479 (1849)).  If the public official has no choice but to obey an order, the act is ministerial. <u>Ballantyne</u>, 144 S.W.3d at 425.  However, if the act involves personal deliberation, decision, and judgment, it is discretionary. <u>Id.</u>

The final element a government employee must prove to be entitled to immunity is good faith.  <u>See</u> <u>Ballantyne</u>, 144 S.W.3d at 424.  To determine whether a police officer acted in good faith,

11

Texas courts ask whether a reasonably prudent officer, under the same or similar circumstances, could have believed his conduct was justified based on the information he possessed when the conduct occurred.  <u>Ballantyne</u>, 144 S.W.3d at 426.  Once an officer meets this burden, the plaintiff must offer evidence that no officer in defendant's position could have believed the facts justified his conduct. <u>Telthorster</u>, 92 S.W.3d at 465.  An officer need not prove it would have been unreasonable not to engage in the conduct, or that all reasonably prudent officers would have engaged in the same conduct.  <u>Id.</u>  The standard of good faith as an element of official immunity is not a test of carelessness or negligence or a measure of an official's motivation.  <u>See id.</u>

Assuming, arguendo, that the Defendants were negligent in arresting Plaintiff, Plaintiff's complaint alleges that the Defendants were acting within the scope of their authority when they approached him, asked him to identify himself and arrested him on an outstanding warrant, satisfying the first element of official immunity.

Texas courts have determined that an officer's decision to arrest is a discretionary function, satisfying the second element of the official immunity test.  <u>Kersey v. Wilson</u>, 69 S.W.3d 794, 798 (Tex. App. - Fort Worth, 2002); <u>Davis v. Klevenhagen</u>, 971 S.W.2d 111, 116 (Tex. App. - Houston [14th Dist.] 1998); <u>Torres v.</u>

Owens, 380 S.W.2d 30, 33-34 (Tex. Civ. App. - Corpus Christi 1964, writ ref'd n.r.e.).

Finally, there are no factual allegations that Defendants did not act with good faith when they arrested Plaintiff.

In light of the foregoing, Plaintiff has failed to allege sufficient facts to overcome a claim of official immunity by Defendants.

### IV. Conclusion

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED**.

**SIGNED** this 14th day of January, 2010.

_____
Nancy K. Johnson
United States Magistrate Judge